UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RICHARD ZILGME,

                Plaintiff,

        v.

UNITED STATES OF AMERICA,

                Defendants.

**DECISION AND ORDER**
15-CV-130-A

---

This personal injury action brought by Plaintiff Richard Zilgme under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680, was referred to Magistrate Judge Hugh B. Scott pursuant to 28 U.S.C. § 636(b)(1) for the conduct of pretrial proceedings. Plaintiff Zilgme contends that he was injured when he tripped on a loose bolt on a loading dock on United States Postal Service premises in Buffalo, New York.

On May 24, 2017, the Magistrate Judge filed a Report and Recommendation (Dkt. No. 39), recommending that summary judgment be granted to Defendant United States pursuant to Fed. R. Civ. P. 56. The Court has carefully reviewed the Report and Recommendation, the objections of Plaintiff Zilgme, and all of the parties' submissions. The Court presumes the parties' close familiarity with the issues that are raised, and finds oral argument is unnecessary. For the reasons that follow, summary judgment pursuant to Fed. R. Civ. P. 56 is granted to the United States.

The Court agrees with the recommendation of the Magistrate Judge that Plaintiff Zilgme failed to marshal legally-sufficient evidence for a reasonable trier of

fact to conclude that the United States had timely actual or constructive notice of the loose bolt that Plaintiff contends was a proximate cause of his injuries. *Compare* Dkt. No. 28-6, p. 7 (photo of the loose bolt on the loading dock where Plaintiff fell) *with* Dkt. No. 28-6, p. 32 (a replica protruding bolt prepared on behalf of Plaintiff). Without actual or constructive knowledge of the hazardous bolt, the Defendant owed no duty of care with respect to the bolt running to Plaintiff, and without a duty of care, Defendant is not liable for negligence. *See Bryndle v. Boulevard Towers, II, LLC*, 132 F. Supp. 3d 486, 494-95 (W.D.N.Y. 2015). "Although juries determine whether and to what extent a particular duty was breached, it is for the courts first to determine whether any duty exists." *Drake v. Lab. Corp. of Am. Holdings*, No. 02 Civ. 1924 (FB) (RML), 2007 WL 776818, at *2 (E.D.N.Y. Mar. 13, 2007) (*quoting Darby v. Compagnie Nat'l Air France*, 96 N.Y.2d 343, 347 (2001), *opinion after certified question answered*, 13 F. App'x 37 (2d Cir. 2001) (summary order)), *aff'd*, 417 F. App'x 84 (2d Cir. 2011) (summary order).

While the Defendant was aware that vibration from fork lifts would loosen locking nuts on the loading dock bolts, *see* Dkt. No. 33-3, that awareness is not alone sufficient to permit a reasonable jury to conclude that the Defendant had timely actual or constructive knowledge of the loose bolt Plaintiff tripped over. That awareness is evidence of foreseeability of harm, not of actual or constructive notice of a hazard triggering a duty of care. *532 Madison Ave. Gourmet Foods, Inc. v. Finlandia Center, Inc.*, 96 N.Y.2d 280, 289 (2001).

Plaintiff Zilgme also contends that the Defendant created certain conditions of

2

the loading dock, specifically that the loading dock lacked an "extender plate" that an adjacent loading dock had, and that those conditions substantially contributed to his tripping and his injuries. Plaintiff correctly points out that a lack of actual or constructive notice of a hazard does not bar a negligence claim based upon evidence that the Defendant created hazardous conditions on premises it controlled. *See e.g.*, *Hansford v. Wellsby*, 149 A.D.3d 1603 (4th Dep't 2017). Nevertheless, the Court finds, as the Magistrate Judge recognized[1], that Plaintiff failed to adduce legally-sufficient evidence of an applicable standard of care that was violated by the Defendant's failure to put an extender plate on the loading dock in order to support a finding of negligence on the part of the Defendant that proximately caused Plaintiff's injuries. *See e.g.*, *Rivers v. Garden Way*, 231 A.D.2d 50, 52 (3rd Dep't 1997). Summary judgment is therefore granted in favor of the Defendant.

The Court notes that Plaintiff Zilgme's reliance upon *Gowin v. Avox Systems, Inc.*, 144 A.D.3d 1577 (4th Dep't 2016), is unavailing: the loading dock defect Plaintiff contends Defendant created is not within the common experience of a jury. *Compare* 144 A.D.3d 1577 (hazardous "lip" at the edge of a dock plate at a gap between a tractor-trailer and the dock) *with* Dkt. No. 42, p. 1 (Plaintiff characterizes the loading dock plate assemblies this case as a "confusing circumstance"). But even if the Court were to assume Plaintiff is correct that expert opinion evidence of the applicable standard of care is not necessary to raise a material issue of fact for

---

[1] The Report and Recommendation states: "Plaintiff fails to show how the absence of the deck plate was defective or how the design of the deck at Loading Dock #38 was deficient while the design of Loading Dock #37 was superior. Dkt. No. 39, p. 25.

trial in this case, the only standard-of-care evidence Plaintiff relies upon — evidence of the Defendant's employees' self-determined inspection and repair practices — is not alone sufficient to raise an issue of fact with respect to the standard of care against which this claim of negligence can be assessed.  *See Sherman v Robinson*, 80 N.Y.2d 483, 489 n. 3 (1992)( "Violation of a company's internal rules is not negligence in and of itself, and where such rules require a standard that transcends reasonable care, breach cannot be considered evidence of negligence.")  The Court therefore finds that the Plaintiff lacks sufficient evidence for a reasonable trier of fact to conclude that the Defendant's loading dock plate assembly created conditions that violated an applicable standard of care, and that such conditions caused Plaintiff's accident.

## CONCLUSION

For all of the foregoing reasons, summary judgment pursuant to Fed. R. Civ. P. 56 is granted to Defendant United States.  Pursuant to 28 U.S.C. § 636(b)(1), the Court adopts the Report and Recommendation, Dkt. No. 39, of the Magistrate Judge except for its concluding recommendation that summary judgment should be "granted solely on grounds of lack of notice of defect to [D]efendant."  Dkt. No. 39, p. 26 (bold type omitted).  The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

*Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT


Dated: October 23, 2017